IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mikal Majeed; Ruby Majeed, | ) | C/A No.: 3:13-2820-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Leon Lott, Elected Official; Richland | ) | |
| County Sheriff Department; Roberts | ) | |
| Towing & Transport LLC; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion of plaintiffs Mikal Majeed and Ruby Majeed ("Plaintiffs"), filed on November 15, 2013, seeking a temporary restraining order ("TRO Motion"). [Entry #19]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motion requests injunctive relief, it is dispositive, and this Report and Recommendation is entered for the district judge's consideration.

I.    Factual and Procedural Background

Plaintiffs allege in their TRO Motion that, on an unspecified date, the Pontiac Magistrate Court in Richland County disregarded evidence and information provided by Ruby Majeed that she "had a valid driver's license at the time the incident occurred." [Entry #19 at 1].   Plaintiffs further allege that the state court refused to allow Ruby Majeed to retrieve her driver's license from her car during the trial.  *Id.*  Plaintiffs assert the state court ruled against Ruby Majeed and ordered her to pay a $200 fine.  *Id.*  The

state court has now allegedly ordered payment of the fine "by threats of issuing a bench warrant for non-payment." *Id.* at 2. Thus, Plaintiffs request an order to restrain defendants "from any further harassments during the period that this matter is before this Honorable Court." *Id.* at 3.

II.    Discussion

A.    Standard of Review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1]  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347.  Only then may the court

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*.  *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.    Analysis

The TRO Motion alleges that a state magistrate court ruled against Ruby Majeed at trial. [Entry #19 at 1].  Plaintiffs allege that the state court judgment is on appeal. [Entry #19-1 at 1].  Plaintiffs provide no facts to demonstrate a likelihood of success on appeal.  Thus, as an initial matter, Plaintiffs fail to demonstrate that they are likely to succeed on the merits of their claims in the TRO Motion.

Further, the Supreme Court has held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  In *Younger,* the Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43−44.  The present TRO Motion alleges that, if "this Court fails or refuses to issue the sought restraining order it will cause immediate harm, injury and loss of job (employment) and loss of income and irreparable loss of freedom." [Entry #19 at 2].  However, it is unclear from the pleading how the

---

[2]  Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder's* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20−22.

payment of a $200 fine would cause such harm. Further, Plaintiffs provide no facts to demonstrate that a bench warrant for non-payment of the fine has been issued or that Ruby Majeed is in any imminent danger of arrest. Plaintiffs also fail to demonstrate the lack of an adequate remedy at law to address these issues in state court and indicate that they have a state court appeal pending in the matter.

In addition, Plaintiffs fail to meet their burden of proving that the balance of equities tips in their favor, and state only that a restraining order "will not hurt any of the Defendants in anyway whatsoever." [Entry #19 at 2]. Finally, Plaintiffs make conclusory allegations that the issuance of a restraining order "will not hurt nor harm the general public . . . and would not be against the best interest of the general public," but they fail to show how public interest would be served by the issuance of a restraining order in this case. *Id.* Because Plaintiffs have not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, the undersigned recommends Plaintiffs' TRO Motion be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiffs' TRO Motion. [Entry #19].

IT IS SO RECOMMENDED.

_Shiva V. Hodges_

December 4, 2013                                Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).