IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mikal Majeed and Ruby Majeed,      ) | C/A No.: 3:13-2820-JFA-SVH |
| ) | |
| Plaintiffs,      ) | |
| ) | |
| vs.      ) | |
| ) | REPORT AND RECOMMENDATION |
| Leon Lott, Elected Official; Richland      ) | |
| County Sheriff Department; and Roberts      ) | |
| Towing & Transport LLC;      ) | |
| ) | |
| Defendants.      ) | |
| ) | |

Plaintiffs Mikal Majeed and Ruby Majeed, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights. They sue Richland County Sheriff Leon Lott and the Richland County Sheriff's Department ("RCSD") (collectively "Richland County Defendants") and Roberts Towing & Transport, LLC ("Robert's Towing").

This matter is before the court on (1) Richland County Defendants' motion for summary judgment [Entry #45] and (2) Roberts Towing's motion to dismiss or in the alternative for summary judgment [Entry #46]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiffs of the summary judgment procedures and the possible consequences if they failed to respond adequately to the motions. [Entry #48]. These motions having been fully briefed [Entry #50, #51, #62, #63, #67], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends that defendants' motions for summary judgment be granted.

I.     Factual and Procedural Background

On June 27, 2013, Deputy Crutchlow of the RCSD observed Ruby Majeed driving a vehicle that displayed an unlawful, handmade license plate. [Entry #46-2 at 2]. According to the incident report, deputies were preparing to stop the vehicle when it turned into 525 Heron Glen Drive. *Id*. Ruby Majeed exited the driver's side of the vehicle and refused the deputy's request to produce identification. *Id*. at 2–3. Ruby Majeed was arrested for operating a vehicle with a false plate and failure to display a driver's license on demand. *Id.* at 3. The incident report also states: "The vehicle was towed by Lonnie Roberts since [Deputy Crutchfield] could not ascertain who the owner was or if insurance was on the vehicle." *Id*. The incident report further indicates that while at 525 Heron Glen Drive, Deputy Crutchfield observed in plain sight an additional vehicle bearing an illegal plate, and he seized the illegal plate. *Id*. at 5. Ruby Majeed was subsequently convicted of operating a vehicle with a false plate and failure to display a driver's license on demand on August 26, 2013. [Entry #45-2, #45-3].

In their complaint, Plaintiffs allege that RCSD officers falsely arrested Ruby Majeed without a warrant. [Entry #10-1 at 2–3]. Plaintiffs argue that officers illegally searched Plaintiffs' two vehicles and seized their vehicle tags without due process. *Id.*

2

Plaintiffs also claim that one of their vehicles was improperly towed by Roberts Towing. *Id.* at 3. Plaintiffs seek monetary damages and injunctive relief. *Id.* at 8.

II. Discussion

    A.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court

3

is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Richland County Defendants' Motion for Summary Judgment

Plaintiffs seek damages from Richland County Defendants for alleged constitutional violations stemming from Ruby Majeed's arrest and the search and seizure of Plaintiffs' vehicles. Ruby Majeed was convicted on August 26, 2013, on charges associated with the search and seizure. [Entry #45-2, #45-3]. Plaintiffs' claims are therefore barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. The rationale in *Heck* has been applied to civil rights action in which a plaintiff challenges a search in connection with a criminal case. *See Ballenger v. Owens*, 352 F.3d 842, 845–47 (4th Cir. 2003); *Singleton v. 10 Unidentified U.S. Marshals*, C/A No. 2:11–1811–TLW–JDA, 2011 WL 4970779, *2 n. 4 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted*, 2011 WL 5005271 (D.S.C. Oct. 19, 2011).

If Plaintiffs were to prevail on their § 1983 claims before the court, such a judgment would necessarily imply the invalidity of Ruby Majeed's state conviction. Plaintiffs have failed to demonstrate that Ruby Majeed has successfully challenged her conviction. Therefore, because success on this claim would question the validity of Ruby Majeed's conviction, the undersigned recommends Richland County Defendants be granted summary judgment.

2. Roberts Towing's Motion for Summary Judgment

In its motion for summary judgment, Roberts Towing argues, *inter alia*,[3] that it did not tow either of Plaintiffs' cars. Roberts Towing notes that the incident report states that "Lonnie Roberts" towed the vehicle. [Entry #46-1 at 9, #46-2]. Roberts Towing submitted the affidavit of RCSD staff attorney Scott J. Hayes, who stated that Roberts Towing was not on the list of tow companies utilized by RCSD on June 27, 2013, and he cannot find a record showing that Roberts Towing was ever on the list. [Entry #46-8 at 2–3]. Further, Kim Roberts, principal member of Roberts Towing, stated that Roberts Towing did not tow any vehicle from Plaintiffs' yard on June 27, 2013, or any other date. [Entry #46-9 at 2–3].

Plaintiffs were warned about the consequences of failing to respond to Roberts Towing's motion in a *Roseboro* order [Entry #48] and in a supplemental order on September 17, 2014 [Entry #65]. On Plaintiffs' extended deadline to respond, October 1,

---

[3] The undersigned notes that the court's subject matter jurisdiction over Roberts Towing is not derived from independent federal question jurisdiction based on 42 U.S.C. § 1983, but based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5

2014, Plaintiffs submitted a document entitled "Plaintiff's partial release of liability against the defendant Robert[s] Towing." [Entry #67]. The documents states in relevant part: "Mikal Majeed and Ruby Majeed, (hereinafter) "Plaintiffs" making a special appearance to release the Defendant, ROBERTS TOWING partially regarding liability, in as much as being instructed by Defendants, Leon Lott and RCSD, such should release Defendant ROBERTS TOWING to this end as long as Plaintiffs are made whole." *Id*.

To the extent Entry #67 is considered a response to Roberts Towing's summary judgment motion, it does not dispute Roberts Towing's assertion that it did not tow Plaintiffs' vehicle, and the undersigned therefore recommends that Roberts Towing's motion be granted. In the alternative, if the district judge is not inclined to interpret Entry #67 as Plaintiffs' response to Roberts Towing's summary judgment motion, the undersigned recommends Roberts' Towing be dismissed for Plaintiffs' failure to prosecute its claim in accordance with the undersigned's September 17, 2014, order [Entry #65].

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the motions for summary judgment of Richland County Defendants [Entry #45] and Roberts Towing [Entry #46] be granted. If the district court accepts this recommendation, Plaintiff's pending motion to strike [Entry #51] and motion to compel [Entry #52] will be rendered moot.[4]

---

[4] Plaintiffs' motions to strike and to compel would be moot because the undersigned's recommendation that Plaintiffs' claims are barred by *Heck* would not be affected by the outcome of the motions.

6

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 6, 2014                                                    Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).